F I L E D
**United States Court of Appeals
Tenth Circuit**

**FEB 19 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SWANDOJO LIMERTA; SEN
TJONG; MIE IE LIE,

Petitioners,

v.

JOHN ASHCROFT, United States
Attorney General,

Respondent.

No. 02-9576
(BIA Nos. A77-739-829, A77-739-
830, A77-739-831)
(Petition for Review)

**ORDER AND JUDGMENT** *

Before **EBEL**, **HENRY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioners, Swandojo Limerta, his wife Mie Ie Lie, and their adult son, Sen Tjong, seek review of respondent's [1] determination that they do not qualify for asylum. We deny review.

Petitioners, ethnic Chinese, are natives and citizens of Indonesia. They arrived in the United States in 1999 and 2000 on non-immigrant visitors' visas with authorization to remain six months. They filed timely applications for political asylum, withholding of removal, and relief under the Convention Against Torture.

I.

> There are three ways to establish refugee status, two of which are pertinent here: One way is by showing [the applicant] has a well-founded fear of future persecution. A second way is by establishing that he or she has suffered past persecution, which gives rise to a [rebuttable] presumption that he or she has a well-founded fear of future persecution. The persecution involved must be on account of [the applicant's] race, religion, nationality, membership in a particular social group, or political opinion, and must be imposed by the government or by groups which the government is unwilling or unable to control.

Vatulev v. Ashcroft, 354 F.3d 1207, 1208-09 (10th Cir. 2003) (citations and quotation omitted; alterations in original).

---

[1] "The INS ceased to exist on March 1, 2003, and its functions were transferred to the U.S. Citizenship and Immigration Services ("USCIS") within the newly formed Department of Homeland Security." Yuk v. Ashcroft, 355 F.3d 1222, 1224 (10th Cir. 2004).

-2-

Petitioners claimed they were eligible for refugee status because they had suffered past persecution and had "well-founded fear of future persecution," based on their Chinese ethnicity and Christian faith. They alleged they were persecuted by Indonesian Muslims whom the government was "unwilling or unable to control."

## II.

At hearings [2] before the immigration judge (IJ), petitioners presented evidence of various incidents they experienced. During these incidents, they were berated for being Chinese, which petitioners contend shows that the attacks were based on their ethnicity. Mr. Limerta related three encounters over a period of nine months beginning in 1998. He also testified that he closed the bakery he owned due to fear that he would be accosted and robbed by Muslims while he was making his deliveries to various markets. Ms. Lie related three encounters over a period of six months beginning in 1998. Mr. Tjong related five incidents, three from his childhood, and two when he was a young adult, one of which involved a threat with a knife. Petitioners presented no acts of violence based on their

---

[2]    Due to problems with the interpreters, several hearings were required before all the relevant testimony was presented. Despite these problems, neither party contends any errors are present in the translated testimony.

Christian faith aside from one incident related by Mr. Tjong when he was accosted while carrying a Bible after returning from a local Christian church.

The IJ denied relief, noting that the related incidents occurred during a period of high unrest and instability in Indonesia. The IJ was unable to conclude that petitioners were specifically targeted, but rather, determined that the incidents were random acts of violence. He held that while petitioners had experienced harassment, they had not experienced persecution. The IJ noted that, in spite of the unrest, ethnic Chinese during that period were disproportionately successful economically. The IJ also determined that petitioners did not have a well-founded fear of future persecution, noting that the Country Report for Indonesia and the testimony of petitioners' minister supported his conclusion that Indonesia has stabilized to some extent since the 1998 riots.

On appeal, petitioners argue that they did establish past persecution and a well-founded fear of future persecution and, thus, should have been granted asylum. They do not challenge the IJ's determination that they did not qualify for withholding of removal or for relief under the Convention Against Terror.

### III.

We review the IJ's resolution of the initial refugee status question under a substantial evidence standard. The BIA's determination that [the applicant is] not eligible for asylum must be upheld if supported by reasonable, substantial, and probative

evidence on the record considered as a whole. It can be reversed only if the evidence presented by [the applicant] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed. We do not weigh the evidence or evaluate the witnesses' credibility. The BIA's findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary.

Yuk, 355 F.3d at 1233 (citations and quotations omitted).

"[I]t is not our prerogative to reweigh the evidence, but only to decide if substantial evidence supports the IJ's decision. We only determine whether a reasonable factfinder could find that petitioners do not have a well-founded fear of persecution." Id. at 1236 . In other words, petitioners' evidence must be "so compelling that no reasonable factfinder could fail to find the requisite" persecution or fear of future persecution. INS v. Elias-Zacarias , 502 U.S. 478, 484 (1992) .

IV.

Defining "persecution" is "a most elusive and imprecise task." Balazoski v. INS , 932 F.2d 638, 641 (7th Cir. 1991). It is, however, "an extreme concept that does not include every sort of treatment our society regards as offensive." Ghaly v. INS , 58 F.3d 1425, 1431 (9th Cir. 1995) (quotation omitted). "Mere generalized lawlessness and violence between diverse populations, of the sort which abounds in numerous countries and inflicts misery upon millions of

innocent people daily around the world, generally is not sufficient to permit the Attorney General to grant asylum . . . ." Singh v. INS , 134 F.3d 962, 967 (9th Cir. 1998). Rather, "persecution requires the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive and requires more than just restrictions or threats to life and liberty." Yuk, 355 F.3d at 1232 (quotations omitted). Accordingly, we have held that "acts of common criminality or personal hostility . . . do not implicate asylum eligibility." Vatulev , 354 F.3d at 1209. Nor do threats alone generally constitute actual persecution. Yuk, 355 F.3d at 1233. "Discrimination on the basis of race or religion, as morally reprehensible as it may be, does not ordinarily amount to 'persecution' within the meaning of the Act." Ghaly , 58 F.3d at 1431.

V.

The actions petitioners described fail to meet this high standard. Although petitioners were threatened because of their Chinese ethnicity, these threats did not rise to the level of persecution. Thus, "we cannot say the IJ's conclusion that petitioner[s] failed to qualify as . . . refugee[s] is contrary to what a reasonable factfinder would have been compelled to conclude. Under our deferential review of immigration decisions, we must affirm." Vatulev , 354 F.3d at 1210-11.

-6-

The petition for review is DENIED.  The stay of removal pending appeal issued by this court is lifted.


Entered for the Court


Robert H. Henry
Circuit Judge